# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR ANDERSON** | : | **DOCKET NO. 22-cv-06159** |
| **REG. # 29252-009** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Arthur Anderson ("Anderson"), who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.  For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

## I.
### BACKGROUND

On or about August 5, 2015, a grand jury siting in the United States District Court for the Eastern District of Arkansas returned an indictment charging Anderson with one count of knowingly and intentionally possessing with intent to distribute and to distribute actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 84l(a)(l ) and four counts of knowingly and intentionally distributing at least 50 grams of actual methamphetamine, a Schedule II controlled substance, thereby violating Title 21, United States Code, Sections 84l(a)(l), and 841(b)(l)(A).  *United States v. Anderson*, No. 4:15-cr-00169,

doc. 3 (E.D. Ark., Aug. 5, 2015).  On June 8, 2017, Anderson entered a plea of guilty to count two of the indictment, knowingly and intentionally distributing at least 50 grams of actual methamphetamine, (*id*. at doc. 119) and on February 6, 2018, he was sentenced to a term of 120 months imprisonment, 5 years of Supervised Release, and a Mandatory Special Assessment Fee of $100 (*id*. at doc. 156).

On February 5, 2019, Anderson filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  *Id*. at doc. 169.  On February 25, 2021, all issues raised in the petition were dismissed with prejudice, except for issues pertaining to failure to investigate the law of the case, specifically with regard to a departure or variance.  Id. at doc. 261.  After supplemental briefing from the parties, the court ultimately denied the petition.  *Id*. at doc. 270.

Anderson brings the instant petition for habeas relief under 28 U.S.C. § 2241, attacking the validity of the criminal indictment, and conceding that he did not seek permission to file a second and successive Section 2255 motion.  Doc. 1, pp. 2, 4.

## II.
### LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Anderson challenges his guilty-plea conviction by attacking the validity of the indictment. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing

that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Anderson has not alleged or identified a retroactively applicable Supreme Court decision which supports his claim.  Moreover, circuit law did not preclude Anderson from asserting his claim at the time of his original § 2255 motion filed in the trial court.  Thus, he cannot show that § 2255 is inadequate to challenge his detention.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE